IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01228-PSF-PAC

JAHAN JABERI,

        Plaintiff,

v.

M WARRENDALE LLC,

        Defendant.

## PROTECTIVE ORDER

THIS MATTER comes before the Court on the stipulated motion of Plaintiff and Defendant M Warrendale LLC ("Defendant"), for entry of a Protective Order concerning the treatment of Confidential Information in this litigation. The Court, being fully advised, HEREBY ORDERS that the Motion is GRANTED. Confidential Information (as defined below) produced in the course of this litigation will be subject to the following terms:

    1.    Certain information that Defendant will provide to Plaintiff pursuant to Federal Rule of Civil Procedure 26 and in discovery and in depositions contains sensitive proprietary information relating to Defendant's business, or confidential information concerning current or former employees of Defendant ("Confidential Information"). Confidential Information includes, but is not limited to, personal information regarding Defendant's customers, Defendant's trade secrets, information relating to current or former employees, commercial information not available to Defendant's competitors, and information not publicly disseminated outside of M Warrendale LLC. It is the position of Defendant that the disclosure of such

information outside the scope of this litigation could result in significant injury to its legitimate business interests.

2. Defendant will stamp the word "Confidential" on all documents it deems in good faith to contain Confidential Information that are produced in discovery or pursuant to Rule 26 and next to its response to any interrogatory or request for admission that it deems to contain Confidential Information.

3. To the extent that the disclosure of Confidential Information is required in the course of depositions, the parties agree to utilize the following procedure:

    a. Any individuals not authorized under the terms of this Order to receive Confidential Information will be excluded from the room in which the deposition is conducted while Confidential Information is being discussed;

    b. The portions of the deposition identified by the parties as involving confidential information will be so designated by the reporter and will be subject to the terms of this Order.

4. Confidential Information produced by Defendant can be reviewed only by Plaintiff, his counsel of record, expert witnesses retained to assist Plaintiff in this litigation, and any other individual authorized by Defendant or the Court. Plaintiff must provide a copy of this Order to any individual to whom Confidential Information is disclosed and each such individual will be bound by this Order, pursuant to Paragraph 5 hereof. Individuals authorized to review Confidential Information shall not divulge the information, either verbally or in writing, to any other person, entity or government agency unless authorized by Defendant or by court order.

Confidential Information may be used by Plaintiff, his counsel and expert witnesses solely in connection with this litigation.

5.  Defendant is not required to provide Confidential Information to Plaintiff, counsel for Plaintiff, Plaintiff's expert witnesses or any other authorized individual unless that individual has signed a Nondisclosure Agreement in the form attached hereto as Exhibit "A" certifying that he or she has read this Order and agrees to be bound by its terms.

6.  In the event Plaintiff contends that Defendant has improperly classified information as confidential, the parties will attempt to resolve the issue between themselves. If the parties cannot resolve the dispute, Plaintiff may file a motion requesting that the Court determine if Defendant's classification of the information as confidential is warranted.

7.  In the event it is necessary for the parties to file Confidential Information with the Court in connection with any pretrial proceedings or as evidence at trial, the information shall be filed in a sealed envelope with the following statement typed conspicuously on the face of the envelope:

Confidential
This document is filed under seal. Unless otherwise ordered by the Court, it shall not be reproduced for, or shown to, persons other than those entitled to have access to such documents under the Protective Order entered on _____, 2006, in Case No. 06-cv-01228-PSF-PAC.

Any pleadings or briefs filed by the parties that either quote or discuss the contents of information designated as confidential shall be filed in a sealed envelope containing the same statement.

8.  At the conclusion of this litigation and any appeals associated therein, Confidential Information shall be handled in the manner prescribed in this paragraph 8. Plaintiff

PROTECTIVE ORDER

will have the option of immediately returning to Defendant all Confidential Information provided to Plaintiff, including any copies, extracts, or summaries that have been prepared by Plaintiff, his counsel or experts, and the portions of all transcripts of depositions and testimony that contain specific discussion of Confidential Information or certify to Defendant that he has collected all such Confidential Information and destroyed all copies thereof. Plaintiff's counsel may retain one copy of Confidential Information subject to the following terms:

(a) At the conclusion of this litigation and any associated appeals, Plaintiff's counsel will collect all copies, extracts, abstracts, charts, summaries, notes or copies made from Confidential Information and shall obtain from each recipient an affidavit in the form of Exhibit B attached hereto. With the exception of the one copy that may be retained as provided in this paragraph 9, Plaintiff's counsel shall return all Confidential Information, including all copies, extracts, abstracts, charts, summaries, notes or copies made from Confidential Information to Defendant or its counsel, and Plaintiff's counsel shall confirm in writing that they have complied with the requirements of this paragraph 8(a).

(b) The one copy of Confidential Information retained by Plaintiff's counsel shall be stored in sealed boxes. The parties will agree upon a procedure for sealing the boxes that will ensure the boxes cannot be opened without permanently breaking the seal, so that Defendant can verify that Plaintiff's counsel has not accessed the contents of the boxes except as authorized in this paragraph 8.

(c) Plaintiff's counsel shall not be allowed to open the sealed boxes or to review or otherwise utilize the Confidential Information contained therein except upon prior written authorization by Defendant or by court order. The parties agree that access to Confidential

PROTECTIVE ORDER

Information shall only be allowed for reasons directly related to and arising out of this litigation, *Jahan Jaberi v. M Warrendale LLC*, Civil Action No. 06-cv-01228-PSF-PAC, and for no other reason. Defendant shall have the right to periodically verify that the boxes containing Confidential Information maintained pursuant to this paragraph 8 remain sealed and that the boxes have not been opened except as specifically provided for herein.

(d) If access to Confidential Information is granted or ordered pursuant to this paragraph 8, the parties shall continue to be bound by the terms and conditions of the Protective Order. As soon as practical, the Confidential Information shall be returned to sealed boxes and shall continue to be maintained pursuant to the provisions of this paragraph 8.

(e) No later than six (6) years following termination of this litigation, including any appeals, Plaintiff's counsel shall return to Defendant Confidential Information retained pursuant to this paragraph 8. If Plaintiff's counsel fails to timely return such documents, Defendant may petition the United States District Court of Colorado for an order requiring compliance.

9. Defendant shall have all rights and remedies provided by law for breach of the terms of this Protective Order.

10. This Order shall govern any Confidential Information disclosed in the course of any alternate dispute resolution associated with this case, including but not limited to mediation and arbitration.

GRANTED this 14TH day of Dec, 2006.

BY THE COURT:

_____
United States District Judge
O. EDWARD SCHLATTER

422472v.3

## EXHIBIT "A"

## NONDISCLOSURE AGREEMENT

      I hereby acknowledge that I have read the Protective Order relating to Confidential Information entered in *Jahan Jaberi v. M Warrendale LLC*, Case No. 06-cv-01228-PSF-PAC, and agree to be bound by its terms.

_____
Signature

_____
Type or print name

_____
Address

_____

_____
Date

450647v.1

EXHIBIT A TO PROTECTIVE ORDER

**EXHIBIT "B"**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01228-PSF-PAC

JAHAN JABERI,

   Plaintiff,

v.

M WARRENDALE LLC,

   Defendant.

---

### AFFIDAVIT

---

STATE OF _____ )
          ): ss.
COUNTY OF _____ )

  I, _____, being first duly sworn, depose and state as follows:

1. During the course of this civil action I received Confidential Information as that term is defined in the Protective Order entered by the Court dated _____, 2006.

2. Concurrently with this Affidavit, I have returned all Confidential Information, including all copies and any summaries, extracts, paraphrases or characterizations containing or referring to Confidential Information to Defendant or its counsel of record.

EXHIBIT B TO PROTECTIVE ORDER

3. Except in accordance with the above-referenced Protective Order, I have not either personally or through any representatives kept or maintained any Confidential Information or any copies or summaries, extracts, paraphrases or characterizations containing or referring to Confidential Information.

_____

The foregoing Affidavit was acknowledged, subscribed, and sworn to before me this ____ day of _____, 2006 by _____.

[SEAL]

_____
Notary Public
My Commission Expires:_____

450648v.1

EXHIBIT B TO PROTECTIVE ORDER

- 2 -